UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN FOCHE,

    Plaintiff,

v.                                       CASE NO: 8:14-cv-2871-T-26TGW

NAPA HOME & GARDEN, INC.;
FUEL BARONS, INC.; PLASTIC
BOTTLE CORPORATION; and
THE FRESH MARKET, INC.,

    Defendants.
_____/

**O R D E R**

Before the Court is Defendant, The Fresh Market, Inc.'s, Motion to Dismiss, Motion for More Definite Statement, and Motion to Strike (Dkt. 11) and Plaintiff's Response. (Dkt. 17). After careful consideration of the allegations of the Amended Complaint (Dkt. 5), the argument of the parties, and the applicable law, the Court concludes that the motion should be granted in part and denied in part.

**PERTINENT ALLEGATIONS**

In this products liability case, the amended complaint seeks relief against The Fresh Market, Inc., (Fresh Market) in three of its four counts: (1) negligence (Count I); (2) negligent failure to warn (Count III); and (3) strict liability in tort (Count IV). This action stems from an accident on November 17, 2010, that occurred after Plaintiff John

Foche refilled a Napa Home and Garden "Firelites" firepot with additional Napa Home and Garden citronella "pourable eco-gel fuel."[1]  The fuel had been recently purchased that same month from Fresh Market in Clearwater, Florida.[2]  Plaintiff suffered severe burns when a fireball emanated from the firepot, and spread around the nearby area where Plaintiff was standing.[3]  Plaintiff was engulfed in flames.[4]

## STANDARD OF REVIEW

A motion to strike under Federal Rule of Civil Procedure 12(f) is used to rid a complaint of "any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike may be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  United States v. MLU Servs., Inc., 544 F.Supp.2d 1326, 1330 (M.D. Fla. 2008) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla. 1995)).  Motions to strike are "generally disfavored by the Court and are often considered time wasters."  MLU Servs., Inc., 544 F.Supp.2d at 1330 (quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)).

---

[1] See docket 5, para. 21.

[2] See docket 5, paras. 15 & 21.

[3] See docket 5, para. 22.

[4] See docket 5, para. 23.

A motion for more definite statement under Federal Rule of Civil Procedure 12(e) is properly directed toward a pleading that "is so vague or ambiguous" that the responding party cannot form a response. See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996). The notice pleading requirements of Rule 8(a) are considered when evaluating a motion for more definite statement. See Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959) (instructing that Rule 12(e) should not be used to frustrate notice pleading policy).[5] Generally, Rule 12(e) is directed toward pleadings that lack "sufficient specificity to provide adequate notice." Barthelus v. G4S Gov't Solutions, Inc., 752 F.3d 1309, 1313 n.6 (11th Cir. 2014) (quoting Justice Stevens' dissent in Twombly, 550 U.S. at 590 n.9).

A complaint sought to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), will survive the motion if it contains sufficient facts, which must be accepted as true,[6] to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Rule 8 does not require detailed factual allegations, but the complaint must offer more than mere "labels

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions issued prior to October 1, 1981.

[6] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

and conclusions" or "a formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

## COUNTS I, III and IV

Defendant uses the three vehicles set forth above to urge this Court to require the filing of a second amended complaint. With respect to the three counts against Fresh Market, it contends that the amended complaint is so vague, confusing, and misleading that a more definite statement is required. Specifically, Fresh Market asserts that the three counts are co-mingled against all four Defendants, thereby making it confusing. Furthermore, Paragraph 54 erroneously alleges that Fresh Market, as one of the four Defendants, was negligent for designing, packaging, manufacturing, testing and inspecting the fuel gel. Additionally, Paragraph 33 also alleges that Fresh Market designed and manufactured the fuel gel. As to the fuel gel, Fresh Market argues that the allegations are unclear because they do not specify which variation of fuel gel was purchased, either the second or the third generation.

Having reviewed the amended complaint as a whole, however, the Court finds the amended complaint is not so confusing or misleading so as to require a more definite statement. The allegations make it clear that Fresh Market is a retail seller that sold the fuel to Plaintiff. The particular variation of fuel sold is a matter best left for determination from a factual development of the case through the discovery process. Consequently, the motion for a more definite statement is denied.

-4-

# COUNT I

Fresh Market argues that Count I fails to allege that the fuel gel was defective, and fails to allege that Fresh Market knew about any alleged defects at the time of sale. As Plaintiff points out, paragraphs 78, 87 and 88, which are contained in Count IV of the amended complaint, sufficiently allege a defect in the fuel. Those paragraphs are not a part of Count I, however.

As to whether Fresh Market knew about any alleged defects, Fresh Market contends that a retailer can be liable for negligence in a products liability case only if charged with actual or implied knowledge of a product defect present at the time of sale. Fresh Market relies on Carter v. Hector Supply Co., 128 So. 2d 390, 392 (Fla. 1961); Ryan v. Atlantic Fertilizer, 515 So.2d 324, 326 (Fla.Dist.Ct.App. 1987); Skinner v. Volkswagen of Amer., Inc., 350 So.2d 1122, 1123 (Fla.Dist.Ct.App. 1977); and Williams v. Joseph L. Rozier Mach. Co., 135 So.2d 763 (Fla.Dist.Ct.App. 1961). Carter held that under a theory of implied warranty, a retailer who is not in privity with the customer must actually or impliedly know of a latent defect at the time of sale.[7] The Carter court further held that a plaintiff "relegated to an action for negligence" must allege and prove "fault as distinguished from the absolute liability of an implied warranty." 128 So.2d at 393. Both

---

[7] The Carter court stated, "The sum of our holding here simply is that one who is not in privity with a retailer has no action against him for breach of an implied warranty, except in situations involving foodstuffs or perhaps dangerous instrumentalities, a problem not presently here." 128 So.2d at 393.

Ryan and Skinner rely on Carter. The Ryan court cites Carter as well-settled Florida law that "a retailer can be liable in negligence in a products liability action only if the retailer can be charged with actual or implied knowledge of the defect." 515 So.2d at 326. There are no allegations in Count I of the amended complaint that Fresh Market knew or should have known of a defect in the fuel gel.

Fresh Market also takes issue with the allegations that it owed a duty of reasonable care for testing and inspecting the fuel gel and cites K-Mart Corp. v. Chairs, Inc., 506 So.2d 7, 10 (Fla.Dist.Ct. App. 1987); Odum v. Gulf Tire & Supply Co., 196 F.Supp. 35, 36 (N.D. Fla. 1961); and Craig v. Baker & Holmes, 96 So. 93 (Fla. 1923). Florida law is clear that a retailer does not have a duty to inspect for latent defects. K-Mart, 506 So.2d at 9 n.3 (citing Carter). Fresh Market's position is well-taken that Count I fails to allege that the fuel gel was defective, or that Fresh Market had notice of the defect or any set of facts giving rise to a duty to inspect. Consequently, Count I is dismissed as to Fresh Market with leave for Plaintiff to amend should such facts exist.

## COUNT III

Fresh Market seeks to dismiss Count III for negligent failure to warn because there are no allegations that the fuel gel was defective at the time it was sold or that Fresh Market knew it was defective. For the same reasons set forth for the dismissal of Count I, the Court finds that Count III should be dismissed as to Fresh Market with leave to amend.

## PUNITIVE DAMAGES

Fresh Market requests that the prayer for punitive damages be stricken as violative of section 768.72, Florida Statutes. It simultaneously discloses the existence of Cohen v. Office Depot, Inc., 184 F.3d 1292 (1999), vacated in part on other grounds on rehearing by, 204 F.3d 1069 (11th Cir. 2000), and the very recent case of Pavic v. Laser Spine Institute, LLC, No. 8:13-cv-2578-T-17EAJ. After Cohen, a plaintiff in a diversity case is not required at the pleading stage to proffer facts warranting an award of punitive damages. The district court in Pavic found that the plaintiff's complaint there complied with Federal Rule of Civil Procedure 8 by stating the grounds for jurisdiction, alleging wrongful conduct on the part of the defendants, and claiming such conduct entitles Plaintiff to the relief requested. The district court denied the motion to strike and correctly ruled that "[q]uestions regarding Plaintiff's entitlement to punitive damages under Florida substantive law are improper during the pleading stage" and best left for summary judgment. The motion to strike punitive damages is therefore denied.

It is therefore **ORDERED AND ADJUDGED** that Defendant, The Fresh Market, Inc.'s, Motion to Dismiss, Motion for More Definite Statement, and Motion to Strike (Dkt. 11) is **GRANTED in part and DENIED in part**. Counts I and III are dismissed as to Fresh Market. Should sufficient facts exist to replead Count I for negligence and Count III for negligent failure to warn against Fresh Market, Plaintiff may file a second

amended complaint within ten (10) days, with Fresh Market filing a response within fourteen (14) days of service of the second amended complaint.

**DONE AND ORDERED** at Tampa, Florida, on March 16, 2015.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record